FILED
SUPERIOR COURT
OF GUAM

2021 MAR -4 PM 12: 0[

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

**NADIA NGIRANGESIL, individually and as Administrator of the Estate of JAY WASISANG, Deceased.**

Plaintiff,

vs.

**KWANG H. KIM, PYUNG H. KIM, JOHN DOE INSURANCE CARRIER NO. 1-5, and DOES 1-10, Inclusive.**

Defendants.

**CIVIL CASE NO.: CV1315-19**

**DECISION AND ORDER**

Re: Defendants' Motion for Summary Judgment

## INTRODUCTION

This matter came before the Honorable Judge Anita A. Sukola on February 25, 2021, upon Defendants' Motion for Summary Judgment. The Plaintiff, Nadia Ngirangesil, individually and as Administrator of the Estate of Jay Wasisang ("Estate") is represented by Mark Williams, Esq. The Defendants, Kwang H. Kim, Pyung H. Kim, John Doe Insurance Carrier No. 1-5, and Does 1-10 ("Defendants"), are represented by Blair Sterling Johnson and Martinez, P.C. For the reasons set forth below, having reviewed the moving papers of both parties, the Court **GRANTS** Defendants' Motion for Summary Judgement.

CV1315-19, Nadia Ngirangesil, et al. v. Kwang H. Kim, et al.
Decision and Order (Motion for Summary Judgment).

Page **1** of **6**

## BACKGROUND

On February 20, 2020, the Estate filed its First Amended Complaint against Defendants for the alleged wrongful death of Jay Wasisang in a work place related accident. See First Amend. Compl. (Feb. 20, 2020). Defendants Mr. and Mrs. Kim, live on a property located at 1935 Palomares Drive in Mangilao, on which, for the purposes of their equipment rental company Dae San Corporation, they stored heavy equipment in their yard, including a backhoe and a broken-down forklift.

On November 25, 2018, the deceased Jay Wasisang was employed by Dae San as an equipment operator, when an accident occurred on the Mangilao property, which resulted in Wasisang being struck in the head. See Opp'n to Defs' Mot. for Summ J. (Feb. 21, 2021). Paramedics arrived and took Wasisang to the hospital where died from his injuries on November 27, 2018. *Id.* Dae San maintained worker's compensation through DB Insurance Company Ltd, at the time of the accident. *Id.* The Plaintiff, Nadia Ngirangesil, made a worker's compensation death claim on behalf of the Wasisang children and the insurer has been making worker's compensation payments to her on behalf of the children. *Id.*

The Defendants filed the instant motion seeking Summary Judgment on January 14, 2021. See Defs' Mot. for Summ. J. (Jan. 14, 2021). The Estate filed its Opposition to the motion on February 10, 2021. See Opp'n to Defs.' Mot. For Summ. J. (Feb. 10, 2021). Defendants filed their reply on February 24, 2021. See Defs' Reply in Support of Mot. for Summ. J. (Feb. 24, 2021). A hearing on the matter was held on February 25, 2021, and the court subsequently took the matter under advisement.

## DISCUSSION

### I.       Summary Judgment Standard

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant Summary Judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that, taken in the light most favorable to the non-movant, the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). See *Izuka Corp. v. Kawasho International, (Guam),*

*Inc.,* 1997 Guam 19 ¶ 7, 8. A genuine issue of material fact exists "if there is 'sufficient evidence' which established a factual dispute requiring resolution by the fact-finder." *Fajardo ex rel. Fajardo v. Liberty House Guam* 2000 Guam 4 ¶ 5 (*quoting Izuka Corp.,* 1997 Guam 19 ¶ 7.). A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of a suit." *Id.*

A court must draw inferences and view the evidence in the light most favorable to the nonmoving party. See *Edwards v. Pacific Financial Corp.,* 2000 Guam 27 ¶ 7. See also *Castro v. Peck, dba B.B.H.S. Contracting and Standard Plytrade Corp.,* 1998 Guam 10, ¶ 7. "If the movant can demonstrate that there are no issues of material fact, the non-movant cannot merely rely on allegations . . . but must produce probative evidence." *Edwards,* 2000 Guam 27 ¶ 7. Thus, the court's "ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Izuka,* 1997 Guam 10 ¶ 8.

## II. Defendants Are Exempt From Suit Under Guam Worker's Compensation Laws And The Dual Persona Doctrine Does Not Apply.

Guam statutory law provides: "The right to compensation for benefits under the Worker's Compensation Law of Guam shall be the exclusive remedy to an employee when he is injured . . . by the negligence of any other person or persons in the same employ; provided this provision shall not affect the liability of a person other than an officer or employee of the employer." 22 GCA § 9135. The definition of employer "includes the owner or lessee of the premises . . . proprietor . . . or operator of the business carried on there . . . ." 22 GCA § 9103(j). The term employee "is synonymous with *worker,* and means any person who entered into the employment or works under contract of service . . . with an employer" but "excludes a person whose employment is purely casual and not, for the purpose of the employer's trade or business." 22 GCA § 9103(i) (emphasis in original). Thus, for the exclusive remedy provision to apply under this definition, the act in question must be a "tortious act[] committed by another person acting within the scope of employment." *Gibbs v. Holmes,* 2001 Guam 11 ¶ 16.

Likewise, "[d]etermining whether a landowner, who is also an officer of the employer, is entitled to immunity from a negligence action . . . depends on whether the landowner's negligent acts are in the course of employment; that is, whether the landowner's acts are 'incidental' to employment, as opposed to actions taken independent of the landowner's status of as officer of the corporation." *Holmes*, 2001 Guam 11 ¶ 21 (*citing Sauve v. Winfree*, 907 P.2d 7, 13 (Alaska 1995)). However, "a corporate officer who is in possession and control of the premises has the same duty to keep the premises safe as the landowner . . . [therefore] [t]he duties merge and are indistinguishable." *Holmes*, at ¶ 22 (*citing Parrinello v. Mancuso*, 674 N.Y.S. 2d 484, 485 (N.Y. App. Div. 1998)).

Here, the Estate argues that "Defendants are in fact third parties" and their "negligent acts and omissions were not done in the course of their employment with Dae San." See Opp'n to Defs' Mot. for Summ J. (Feb. 21, 2021). Alternatively, the Estate argues that the "dual persona" doctrine applies, and "an otherwise exempt employer (or officer) may become liable to suit as a third party if – and only if – he possess[es] a second persona so completely independent from and unrelated to his status as an employer that by established standards the law recognizes [the employer] as a separate legal person." *Id.* (*citing Holmes* ¶ 19). The Estate argues that Defendants legal persona as a landowner is distinct from their legal persona as officers of a corporation. Thus under either argument, there must be an "examination of the legal identity of Defendants as property owners, and whether it is separate from their roles in Dae San Corporation, and second, the duty breached by Defendants, and whether that duty is separate from their duties owed to the corporation." *Id.*

Here, the Defendants, Mr. Kim and Mrs. Kim, are both officers of the Dae San Corporation. See Decl. of Kwang H. Kim, Ex. A (Jan. 14, 2021). The property where the accident occurred is both the residence of Mr. Kim and Mrs. Kim, and the principal place of business of the Dae San Corporation. *Id.* At the time of the accident Jay Wasisang "was being trained by Pyung Kim to perform preventative maintenance of a backhoe." See Decl. of Daniel Manuel, Ex. B (Jan. 14, 2021).

The Court, applying the standard laid out in *Holmes* finds, "a corporate officer who is in possession and control of the premises has the same duty to keep the premises safe as that of a landowner." *Id.* at ¶ 21. See also *Sylfa v. Stupnik*, 658 N.Y.S. 2d 69, 70 (N.Y.

App. Div. 1997). Thus, as Mr. Kim and Mrs. Kim were both in possession and control of the property, and were both officers in the Dae San Corporation, they had a duty to maintain a safe workplace, and that duty merged with their duty as landowners to maintain safe premises, thereby rendering all premises liability regarding an employee to occur in the scope of employment. Therefore, the duties owed as landowners are not separate from their duties as corporate officers.

Further, because "the corporate officer's violation of his duty to maintain a safe workplace is an act that is 'incidental' to employment, the violation of this exact same duty as a landowner is also an act that is 'incidental' to employment." *Holmes* at ¶ 22. Thus, as the alleged negligent act of keeping the workplace in a safe condition is the same as keeping the premises in a safe condition, Defendants "as landowners, do not have a separate legal identity as that of corporate officers thus barring the application of the 'dual persona' doctrine." *Id.* at ¶ 23. In other words, "[i]mmunity from negligence liability . . . extends to a landlord, who is also a corporate officer, if the duties as landlord are identical to the duties as corporate officer." *Id.* at ¶ 25. Therefore, because Defendants have no separate legal duties and no separate legal identity, recovery is limited to Worker's Compensation under Guam Law, and summary judgment is appropriate.

The Court is aware of its duty to view evidence in the light most favorable to the non-movant, however the Estate has offered no competing evidence of its claims. There must be "sufficient evidence which established a factual dispute requiring resolution by the fact-finder," in order for the Court to determine that a dispute of material fact exists. *Fajardo ex rel. Fajardo v. Liberty House Guam* 2000 Guam 4 ¶ 5 (*quoting Izuka Corp.,* 1997 Guam 19 ¶ 7.). As there is not sufficient evidence to establish a factual dispute, the Court must grant the motion for summary judgment.

Finally, the Estate urges the Court to consider granting a continuance because the "summary judgment motion [was] filed before a party had any realistic opportunity to pursue discovery." See Opp'n to Mot. for Summ. J. (Feb. 10, 2021) (*citing Burlington v. Assiniboine, Sioux Tribes,* 323 F.3d 767, 773 (9th Cir. 2003)). The Estate merely cites its future attempts to "pursue discovery regarding many relevant facts." See Decl. of Counsel (Feb. 10, 2021). However, "[b]are allegations or vague assertions of the need for discovery are not enough." *Summers v. Leis,* 368 F.3d 881, 887 (6th Cir. 2004). Further, the amended complaint in this matter was filed over one year ago, giving the Estate ample

opportunity to pursue discovery. See *Yokeno v. Sekiguchi*, 2011 WL 3207740 at \*3 (D. Guam 2011) ("Plaintiff is now attempting to take advantage of a continuance and engage in a fishing expedition"). This Court will not grant a continuance.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants Motion for Summary Judgement.

**SO ORDERED** this _____3/4/2021_____ .

_____
**HONORABLE ANITA A. SUKOLA**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*R.M. Johnson*
*N. Williams / STC Printing*
Date:_____ Time:_____

_____
Deputy Clerk, Superior Court of Guam